# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ELVIS HENRY,

              Petitioner,      :      Case No. 2:19-cv-2309

    - vs -                            District Judge Edmund A. Sargus, Jr.
                                      Magistrate Judge Michael R. Merz

DAVID GRAY, Warden,
  Belmont Correctional Institution,

                                  :

            Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 21) to the Magistrate Judge's Report and Recommendations recommending dismissal (ECF No. 18). The Warden has filed no response to the Objections and his time to do so has expired.

The Court initially recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 22). However, in the interest of judicial economy, the Recommittal Order is VACATED and the Court will proceed to consider the Objections directly.

Under Fed.R.Civ.P. 72(b) a District Judge must consider de novo any specific objections made to portions of a Magistrate Judge's report on a dispositive matter. The Court has done so and rules on the Objections as follows.

Ground One for Relief was withdrawn by the Petitioner.

1

**Ground Two:  Prosecutorial Misconduct**

In his Second Ground for Relief, Henry claims he was denied due process and a fair trial when the prosecutor improperly vouched for the credibility of Angela Gilliam.  The Report noted that this claim had been raised on direct appeal and rejected by Ohio Seventh District Court of Appeals (Report, ECF No. 18, PageID 1020-24, quoting *State v. Henry*, 2017-Ohio-7505, ¶¶ 38-46 (Ohio App. 7th Dist. Aug. 31, 2017)).  The Magistrate Judge concluded this decision was not an objectively unreasonable application of clearly established Supreme Court case law and recommended it be dismissed. *Id.* at PageID 1027.  Essentially the Report concluded, as had the Seventh District, that the prosecutor's comments to which objection is made were arguments about what the truth was, rather than vouching for Angela Gilliam.

Petitioner objects that a prosecutor does not have to use words such as "I believe the witness" in order to be found to have vouched for the witness (Objections, ECF No. 21, PageID 1041, citing *Hodge v. Hurley*, 426 F.3d 368, 378 (6th Cir. 2005), and *Johnson v. Bell*, 525 F.3d. 466 (6th Cir. 2008).  The Court finds the cited authority inapposite to the issue in Ground Two.

In *Johnson* the prosecutor's allegedly bolstering or vouching comments were found in context by the Tennessee Supreme Court not to be misconduct and the Sixth Circuit found no error in that holding, 525 F.3d at 484, emphasizing that a prosecutor's comments must be viewed in context.  The Sixth Circuit in *Johnson* also stated the standard for finding improper vouching:

> Improper vouching occurs when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility thereby placing the prestige of the [government] behind that witness." *United States v. Francis,* 170 F.3d 546, 550 (6th Cir. 1999). Improper vouching typically involves either blunt comments or some implication that the prosecutor has special knowledge of facts not before the jury related to the credibility of a witness. *Id*.

535 F.3d at 482.  Applying *Johnson* to the case in suit, the Court notes that both the Seventh District and the Magistrate Judge evaluated the prosecutor's comments in context.  Testimony of the State's key witness, Angela Gilliam, and of the Defendant were directly contradictory to one another.  The prosecutor did not imply that he had some evidence the jury had not heard which persuaded him Gilliam was telling the truth and Henry was lying.  Instead, he asked the jury to compare the two testimonies and to decide that Gilliam was telling the truth, based only on what the jury itself had heard.  In a case such as this when a verdict depends on which of two witnesses the jury believes, it is completely proper for a prosecutor to argue why one of those witnesses is more credible, based on what the jury itself has heard.

In *Hodge* as well, a verdict depended entirely on the competing credibility of the defendant and the mother of the three-year-old child the defendant was accused of raping.  The Sixth Circuit found:

> This is a child-rape case where the only evidence sufficient to sustain a conviction was a jury determination that the complaining witness was more credible than the defendant. During his egregiously improper closing argument, the prosecutor commented on the credibility of witnesses, misrepresented the facts of the case, made derogatory remarks about the defendant, and generally tried to convince the jury to convict on the basis of bad character,

426 F.3d at 371.  Judge Moore analyzed the prosecutor's comments as follows:

> The prosecutor's numerous statements on witness credibility -- often unsupported by any rational justification other than an assumption that Hodge was guilty -- cannot avoid suggesting to the jury that the prosecutor knows something they do not. Moreover, because these statements by the prosecutor were not coupled with a more detailed analysis of the evidence actually adduced at trial, they convey an impression to the jury that they should simply trust the State's judgment that Fenn was a credible witness and that the defendant's witnesses were non-credible, if not perjurious. This misconduct is especially prejudicial in this case given the extent to which the jury's

> determination as to Hodge's guilt or innocence hinged almost entirely on the credibility of Hodge and Fenn.

426 F.3d at 378-79.

In both of these cases, the circuit court notes the importance of the context in which the prosecutor used his words. Judging what words mean or imply is virtually always a matter of examining the context in which they are used. There obviously must be some measure of judgment in doing that. In this case, as the Magistrate Judge found, the Seventh District did not act unreasonably in construing the prosecutor's words as it did.

Henry also objects to the Magistrate Judge's conclusion that there is no clearly established Supreme Court precedent holding that the prosecutor's conduct in this case constituted misconduct. As a counterexample, the Objections cite Justice Sutherland's opinion for the Court in *Berger v. United States*, 295 U.S. 78, 88 (1935), which held "[t]he United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." "It is as much his [the prosecutor's] duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Id.* at 88. *Berger* is the fountainhead of prosecutorial misconduct doctrine and it applies as well to state prosecuting attorneys as to federal ones.

Henry argues "In *Berger*, similar to this case, the prosecutor took a personal view of what was the truth of the case, and the government's case was not otherwise strong." (Objections, ECF No. 21, PageID 1043.) However, the Court in Berger clearly found that prosecutor implied to the jury that he knew facts they had not heard and on that basis a particular witness should be disbelieved. 295 U.S. at 88.

In *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004), the Supreme Court held that its standard for prosecutorial misconduct in *Darden v. Wainwright*, 477 U.S. 168, 181, 91 L. Ed. 2d 144, 106 S. Ct. 2464 (1986), "is a very general one, leaving [state] courts 'more leeway . . . in reaching outcomes in case-by-case determinations." 541 U.S. at 664. See also *Parker v. Matthews*, 567 U.S. 37 (2012)(per curiam), summarily reversing the Sixth Circuit's use of a much more detailed standard.

Petitioner has not shown that the Seventh District's decision on prosecutorial misconduct was an unreasonable application of relevant Supreme Court precedent. The Report's conclusions as to Ground Two are ADOPTED and the Petitioner's objections on Ground Two are OVERRULED.

**Ground Three: Ineffective Assistance of Trial Counsel in Connection with the *Franks* Hearing**

In his Third Ground for Relief, Henry claims he received ineffective assistance of trial counsel when his attorney did not use the digital recording of a controlled purchase and call Ms. [Bernice] Pearson to challenge the veracity of Officer Ellis's affidavit in a *Franks* hearing to in which he challenged the probable cause offered in support of the relevant search warrant[1]. The Seventh District decided this claim on the merits and the Warden argued its decision was entitled to AEDPA deference; the Magistrate Judge agreed.

The record shows that a suppression hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), was held February 4, 2016. An Officer Ellis was the affiant on the search warrant and he described how two controlled buys of drugs were made by an informant, S.P., through the use of

---

[1] This Ground for Relief is pleaded in the Petition as a failure to ask for a *Franks* hearing.

5

a "middleman," a person who did not know that S.P. was an informant and to whom the dealer was willing to sell. The "middleman" here was Bernice Pearson. Pearson did not testify at the *Franks* hearing. However, on December 5, 2016, long after trial, she provided Petitioner with an affidavit which claimed that she had been subpoenaed to testify at trial by the State, but when she arrived she was told by someone (she cannot exactly remember who) that she did not have to stay because the State already had enough evidence against Henry who was, she said, like a nephew to her. She avers she told the person who excused her that "she never purchased any drugs from Elvis Henry." This Affidavit was filed by Henry as an attachment to his *pro se* petition for post-conviction relief.

The trial court denied Henry's post-conviction, finding Pearson's affidavit incredible. The judge noted that Henry's ineffective assistance of trial counsel claim was based on an assertion of an alibi: he was somewhere else when the controlled buys happened. He rejected the claim because he found the police officers themselves had observed Henry at the time of the buys and had found the pre-recorded buy money in his possession. (Order, State Court Record, ECF No. 9, Ex. 20, PageID 311). The Seventh District affirmed on the basis that the trial judge was not obliged to find the supporting affidavits credible. State v. *Henry*, 2018-Ohio-787, at ¶¶ 10-11, citing *State v. Calhoun*, 86 Ohio St. 3d 279, 284 (1999)).

By the time of the post-conviction proceeding, the informant, S.P., had been murdered. The trial judge believed she was alive at the time of the suppression hearing and could have contradicted any testimony by Pearson such as she made in her affidavit[2]. The Report found:

> The truth of Pearson's Affidavit is necessary to make Detective Ellis's statements in the search warrant affidavit false and

---

[2] In his Objections, Henry asserts that there were media reports that she had disappeared in January, 2016 (ECF No. 25, PageID 1045, n.2. No such reports are attached and they could not in any event be considered by this Court as they were not a part of the state court record. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

> excludable from the probable cause determination. But the state courts' conclusion that Pearson's Affidavit was not credible is not an unreasonable determination of the facts based on the state court record. Had Pearson appeared at the suppression hearing and testified as she proposed to do in her Affidavit, the confidential informant would have been available to contradict her testimony, but of course she was dead by the time the post-conviction petition was filed. The state courts were not required to accept the truth of Pearson's proposed testimony in determining, in a proceeding brought fourteen months after trial, that Ellis's affidavit should have been excised. Because the reasons to doubt Pearson's credibility would have been obvious to a person in the position of Henry's trial attorney, it was not ineffective assistance of trial counsel to fail to call her.

(ECF No. 18, PageID 1031).

Petitioner argues now as if his claim were a general claim that trial counsel "failed to investigate." (Objections, ECF No. 21, PageID 1047, et seq.) But that is not the claim pleaded in the Petition. Rather, Henry asserts trial counsel was ineffective for failing to call Pearson at the February 2016 *Franks* hearing. Henry also objects that it is not obvious that there would have been good reasons for find Pearson incredible. But if Henry was "like a nephew to here," why did she come forward for the first time in December 2016 when the confidential informant had already been murdered? If she was present in the courthouse during the trial and was prepared to testify she never purchased drugs from Henry, why didn't she make herself known at the time when her testimony was needed most?

The determination of the Ohio courts that trial counsel did not provide ineffective assistance by failing to call Berneice Pearson at the Franks hearing is not an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). The Report's conclusion as to Ground Three is ADOPTED and Petitioner's Objections are OVERRULED.

**Ground Four: Ineffective Assistance of Trial Counsel with Respect to Amber Gilliam**

In his Fourth Ground for Relief, Henry alleges his trial attorney provided ineffective assistance when he failed to obtain and use Amber Gilliam's prior conviction for petty theft to impeach her at trial. The Report conclude that the Seventh District's decision tht there was no deficient performance was not an unreasonable application of *Strickland*. Petitioner raises no objection and therefore the Report on this Ground for Relief is ADOPTED.

**Conclusion**

Having reviewed de novo all portions of the Report to which specific objection has been made and having rejected those Objections, the Court ADOPTS the Report and ORDERS that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability. The Clerk shall enter judgment to this effect.

June 12, 2020.

s/Edmund A. Sargus, Jr.
Edmund A. Sargus, Jr.
United States District Judge
